In Re, JOE CONLEY, ex parte.

Ohio Appeals, 6th Dist., Sandusky Co.

No. 170. Decided Oct. 6, 1926

685. JUSTICE OF THE PEACE—Where qualified resident of township is commissioned to fill the unexpired term of a justice of the peace and under such commission continues to perform his duties until challenged for having unlawfully sentenced a person because of his alleged disqualification of not having been regularly elected, title to his office can be challenged only by a proceeding in quo warranto, he being at least a de facto officer.

WILLIAMS, J.

This proceeding in error was brought to reverse the judgment of the Sandusky Common Pleas in quashing the writ of habeas corpus sued out by Joe Conley in the court below. It is claimed that Conley was unlawfully deprived of his liberty by reason of the fact that one E. R. Voorhees, who acted as justice of the peace and sentenced him to jail for a violation of law, acted unlawfully in so doing, because he was not a justice of the peace at the time.

It seems that one Ausenheimer was elected justice and assumed the office Jan. 1, 1924. In June 1924 he moved from the township and resigned his office and the Trustees appointed Voorhees to fill the unexpired term. Voorhees was commissioned by the Governor on June 10, 1924 and immediately qualified and entered upon performance of the duties of his office.

On June 24, 1926, Voorhees was still acting in the capacity of justice of the peace under the commission issued, no successor having been elected; and imposed a sentence upon Conley who was imprisoned in the county jail thereunder. The Court of Appeals held:

1. Section 1713 GC. provides that all justices of the peace shall be elected for a term of four years.

2. Under 1714 GC., if a vacancy occurs, the trustees shall appoint a qualified resident of the township to fill such vacancy who shall serve as justice of the peace until his successor is elected and qualified.

3. In cases where the Constitution of the state fixes the term of office (Sec. 2, Art. XVII) the General Assembly has no power to extend the term beyond the period so fixed.

4. If the law requires that a successor should not be elected until the Fall of 1927, Voorhees would be a de jure officer; but if his successor should have been elected at the Fall election of 1926, Voorhees would at least a de facto officer.

5. Voorhees remained in office, performing his duties thereof, undisturbed and unchallenged from the date of the issuance of his commission up to and including the time of the alleged unlawful sentence.

6. He was therefore at least a de facto officer and his title to the office could only be challenged by a proceeding in quo warranto and not in an action by way of habeas corpus to release from jail one who is under sentence by the court.

Judgment therefore affirmed.

Attorneys—Hal C. DeRan for Conley; Harry Garn for defendant; both of Fremont.