## STATE ex THARP v SCOTT

Ohio Appeals, 1st Dist, Hamilton Co

No 4614. Decided April 16, 1934

Robert Gorman, Cincinnati, for relator.
Sol Goodman, Cincinnati, for defendant.

RICHARDS, J, (6th Dist) sitting in place of CUSHING, J.

**OPINION**

By RICHARDS, J.

The question involved in this action is whether the defendant held over under his election of 1929 or did a vacancy exist in the office on and after January 1, 1934.

Our attention is called to **State ex Felder v McVay, 115 Oh St, 588**, but that case has no application to the controversy existing in this action. That case involved a valid election and the only controversy related to who was the successful candidate, while the contested election mentioned in the petition in the case at bar resulted in a holding that the election which had been attempted to be held was a nullity.

No right of action existed in John F. Tharp, as relator, to bring this proceeding in quo warranto until he was appointed and had qualified as justice of the peace, which was after the final adjudication in the contested election case.

**The Constitution of Ohio provides in Article XVII, §2,** among other things, that the term of office of justices of the peace shall be such even number of years, not exceeding four years, as may be prescribed by the General Assembly. This language clearly fixes the period of four years as the maximum time permitted by the Constitution that a justice of the peace can serve under one election and applies to this respondent, and the statute, §1713, GC, provides also that a justice of the peace shall be elected for a term of four years. It would seem, therefore, by both the Constitution and the statute, that the maximum period of time is fixed at four years and that a justice of the peace is not entitled to hold over beyond the time thus fixed.

In the case of **State ex v Brewster, 44 Oh St, 589**, the Supreme Court, in construing similar language in the Constitution, applying to a county auditor, held that the General Assembly was without power to extend the term beyond the period limited. And a like conclusion was reached in a case entitled **In the Matter of Conley, 25 Oh Ap, 339 (4 Abs 795)**. The authorities on this question are collected in **24 Ohio Jurisprudence, 281, 285.**

The defendant relies on **State ex Goodman v Redding, 87 Oh St, 388**, but that decision applies and can only apply to the case of a justice of the peace who was elected prior to the amendment of the Constitution adopted in 1912.

Under the Constitution of Ohio, a justice of the peace can not hold over beyond the term for which he is elected, as the holding over of such an officer is prohibited, except in case of an appointment to fill a vacancy.

Demurrer to petition overruled, and if respondent does not desire to plead further, judgment of ouster in favor of relator.

HAMILTON, PJ, and ROSS, J, concur.